UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA MARIA PLACENCIA ZARATE, | No. 1:26-cv-04443-DJC-AC |
| Petitioner, | |
| v. | RELEASE ORDER |
| ORESTES CRUZ, | A# 236-607-528 |
| Respondents. | |

Petitioner Rosa Maria Placencia Zarate is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2).  The Court has previously addressed the legal issues raised in the Petition.  *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *see also E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).[1]

The Court informed the parties that it intended to rule directly on the petition and ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders.  (ECF No. 4.)

---

[1] The Court initially identified cases where a Petitioner had been released and later re-detained.  However, as Respondents have now clarified, Petitioner was not previously released.  As such, these cases, one of which Respondents themselves have identified, are more applicable here.

1

Respondents do not identify any factual or legal distinctions between the present case and the Court's prior orders.[2]  (*See* ECF No. 8.)  Neither party objected to the Court ruling directly on the merits of the petition.

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED for the reasons stated in those prior orders.

Respondents are ORDERED to immediately release Petitioner Rosa Maria Placencia Zarate from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

////

////

////

////

[2] Respondents argue that Petitioner should first exhaust claims before raising them to this Court.  (ECF No. 8.)  The Court has rejected prior suggestions to impose such an exhaustion requirement in prior cases, *see Cardenas v. Warden, Krome N. Serv. Processing Ctr.*, No. 1:26-cv-03923-DJC-AC, 2026 WL 1457227 (E.D. Cal. May 22, 2026), and the Court finds no basis to do so here.

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **June 16, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE